UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CESAR F.F.,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General; MARKWAYNE MULLIN,
Secretary, U.S. Department of Homeland
Security; TODD M. LYONS, Acting
Director of Immigration and Customs
Enforcement; and DAVID EASTERWOOD,
Acting Director, St. Paul Field Office
Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-2540 (PJS/DTS)

ORDER

---

Marc Prokosch, PROKOSCH LAW, LLC; and Marcos Eduardo Ramirez, NEXUM LEGAL PLLC, for petitioner.

Worthington S. Phillips, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Cesar F.F.'s petition for a writ of habeas corpus.[1]  Cesar, a citizen of Mexico, first entered the United States as a minor without inspection in 2004.  V. Pet. ¶¶ 11–12.  Cesar and his wife live in Grand Forks, North Dakota.  V. Pet. ¶ 13.  In 2005 and again in 2009, Cesar was arrested for driving under the influence.  V. Pet. ¶ 19.  In January 2025, Cesar's wife, a U.S. citizen, filed a

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initials.

Form I-130, Petition for an Alien Relative, on Cesar's behalf.  V. Pet. ¶ 15; ECF No. 1-2

at 1.  That petition remains pending.  V. Pet. ¶ 15.

On the afternoon of April 27, 2026, Cesar was at home with family members

when Grand Forks police officers knocked on the door.  V. Pet. ¶¶ 16–17.  The officers

had a search warrant for reasons apparently unrelated to Cesar or his immigration

status.  V. Pet. ¶ 20; ECF No. 1-3 at 2–4.  Cesar's stepson answered the door, and the

police pulled Cesar and his sons out the door at gunpoint.  V. Pet. ¶ 17; ECF No. 1-2

at 2.  After asking for identification, the police contacted Immigration and Customs

Enforcement ("ICE").  V. Pet. ¶ 17; ECF No. 1-2 at 2.

ICE officers removed Cesar from the scene, and he was eventually transported to

the Crow Wing County Jail in Minnesota, where he remains in custody.  V. Pet. ¶¶ 18,

21.  At some point on the day of his arrest (that is, April 27, 2026), Cesar was given a

copy of a Form I-200 arrest warrant (dated April 27, 2026).  ECF No. 6-1.  The next day,

Cesar was served with a Notice to Appear (dated April 28, 2026) that charged him with

being an alien subject to removal.  ECF No. 6-3.

Cesar now seeks habeas relief in the form of release or a bond hearing, arguing

that his detention is unlawful under the Fifth Amendment Due Process Clause and that

his warrantless arrest violated his "fundamental rights."  *See* V. Pet. ¶¶ 29–38.

## I.  ANALYSIS

Because the Court agrees with Cesar that his arrest was unlawful, the Court will grant his petition in part and order his release without addressing his Fifth Amendment claims.

Through the Immigration and Nationality Act, Congress provided two mechanisms by which "it is appropriate to arrest an alien during the removal process." *Arizona v. United States*, 567 U.S. 387, 407 (2012).  First, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  Second, under 8 U.S.C. § 1357(a), ICE has "limited authority" to make warrantless arrests. *Arizona*, 567 U.S. at 408.  As relevant to this case, an immigration officer may arrest an alien without a warrant for being "'in the United States in violation of any [immigration] law or regulation,' . . . but only where the alien 'is likely to escape before a warrant can be obtained.'"  *Id.* (quoting 8 U.S.C. § 1357(a)(2)) (first alteration in original).

### A.  *Arrest Pursuant to Form I-200 Administrative Warrant*

As discussed above, Cesar was arrested on April 27, 2026, and at some point that day was served with a Form I-200 warrant.  The following day, he was served with a Notice to Appear ("NTA").  This timing renders the Form I-200 warrant invalid.

A Form I-200 warrant empowers ICE to arrest aliens *during* removal proceedings. *See* 8 C.F.R. § 236.1(b)(1); 8 U.S.C. § 1226(a).  A warrant issued before removal proceedings have begun, therefore, purports to exercise authority that does not yet exist.  *See, e.g.*, *Gonzalez Ochoa v. McCleary*, 816 F. Supp. 3d 921, 927 (S.D. Iowa 2026) ("The temporal aspects of this language are clear: an arrest warrant may be issued '[a]t the time of issuance' of the Notice to Appear or 'thereafter.'  Not 'before.'") (quoting 8 C.F.R. § 236.1(b)(1)).  To be valid, therefore, a Form I-200 warrant must be issued "[a]t the time of issuance of the notice to appear, or at any time thereafter."  8 C.F.R. § 236.1(b)(1); *Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at *3 (D. Minn. May 13, 2026) ("Respondents may arrest a noncitizen using a Form I-200 only if the Form I-200 issues at the same time or after the Department of Homeland Security issues an NTA."); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2 (D. Minn. Feb. 20, 2026) (same).  This is because an NTA is a "case-initiating pleading[]" — "like an indictment in a criminal case" — that "serves as the basis for commencing a grave legal proceeding."  *Niz-Chavez v. Garland*, 593 U.S. 155, 163–64 (2021) (quotation marks omitted); *see also* 8 U.S.C. § 1229(a)(1) (stating that ICE "shall" give aliens in removal proceedings "written notice" of the proceedings in the form of a "notice to appear").

It is possible that § 236.1(b)(1) would be satisfied "if the Notice to Appear is issued contemporaneous with the arrest warrant, even if the latter momentarily precedes the former." *Gonzalez Ochoa*, 816 F. Supp. 3d at 927–28 (concluding that ICE did not have lawful authority to arrest a petitioner—despite an otherwise valid warrant—because the "Notice to Appear was not issued until some unspecified time later in the day" after the petitioner's arrest). In this case, however, the NTA was issued a day later. Because the NTA did not issue until the day after Cesar's arrest, the Court concludes that Cesar was not arrested pursuant to a valid warrant under 8 U.S.C. § 1226(a).

### C. *Warrantless Arrest Pursuant to 8 U.S.C. § 1357(a)(2)*

Under 8 U.S.C. § 1357(a)(2), an immigration official may conduct a warrantless arrest of an alien, but only "if he has reason to believe that the alien so arrested is in the United States in violation of any [immigration] law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The Eighth Circuit has construed "reason to believe" in § 1357(a)(2) to mean "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

It is not entirely clear whether Cesar's interaction with the Grand Forks and ICE officers gave the ICE officers probable cause to believe that Cesar was in the United States in violation of immigration law. But even if there was probable cause for such a

conclusion, nothing in the record suggests that the ICE officers had any basis to conclude that Cesar was a flight risk.  The mere fact that Cesar may be removable is insufficient.  *See Francisco M.A. v. Blanche*, No. 26-CV-2032 (JRT/EMB), 2026 WL 1229701, at *3 (D. Minn. May 5, 2026) ("To hold that a noncitizen is likely to escape merely because they are removable would effectively collapse § 1357(a)(2)'s two distinct requirements into one."); *Moreno v. Napolitano*, 213 F. Supp. 3d 999, 1007 (N.D. Ill. 2016) ("Nor can it be the case that, simply by being potentially removable, an alien must be deemed to be likely to evade detention by ICE.  Such a reading would render the limitations on warrantless arrest created by 8 U.S.C. §§ 1226(a) and 1357(a)(2) meaningless.").

The Court therefore finds that Cesar's warrantless arrest was not lawful under either § 1226(a) or § 1357(a)(2).  Accordingly, Cesar's petition is granted in part, and the Court orders respondents to release him within 48 hours of the entry of this order. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for unlawful executive detention).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      Petitioner's petition for a writ of habeas corpus [ECF No. 1] is GRANTED

IN PART.

2.      Respondents must release petitioner within 48 hours of entry of this order.

3.      The remainder of petitioner's petition [ECF No. 1] is DENIED WITHOUT

PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 2, 2026                             /s/ Patrick J. Schiltz
                                                Patrick J. Schiltz, Chief Judge
                                                United States District Court